

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

October 14, 2021

**Via ECF**
The Honorable District Judge Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: **Guzman, et al. v. Glenco Contracting Group, Inc., et al.**
     **21-CV-5100 (VB)**

Dear Judge Briccetti:

Our office represents named Plaintiffs Santos D. Guzman ("Guzman") and Christian D. Jimenez ("Jimenez") (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Glenco Contracting Group, Inc. ("Glenco") and David McGrath (collectively, "the Defendants"), requesting the Court's approval of the parties' settlement agreement ("Settlement Agreement"). The Settlement Agreement, attached hereto as **Exhibit 1**, was achieved through the parties' Court-annexed mediation on August 3, 2021.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

## I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable

### a.    The Settlement Amount

The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees (which are addressed below), for the amount of $8,500.00 in one payment following Court approval of the Settlement Agreement.

### b.  Plaintiffs' Position

Plaintiffs are two former employees who brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that, as former non-exempt employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week. Plaintiffs alleged that they were employed by Defendants as carpenters.

Both Plaintiffs alleged that they were employed by Defendants for approximately three to four months. Further, Plaintiffs alleged that they worked approximately 52.5 hours per week, but were paid flat weekly salaries that did not properly account for their overtime hours. As such, both Plaintiffs alleged that they were owed approximately 12.5 hours of unpaid overtime for each workweek.

Lastly, both Plaintiffs alleged that they were entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Prior to the Court-annexed mediation on August 3, 2021, Defendants provided our office with time and pay records for both Plaintiffs. Defendants' records showed shorter time periods worked by Plaintiffs than alleged, fewer hours worked and different rates of pay than alleged by Plaintiffs. Further, the records indicated that Plaintiffs worked fewer days per week than alleged. In addition, the records contained wage notices and wage statements that were allegedly received by Plaintiffs.  Although Plaintiffs contended that these records were not completely accurate and did not capture all of the shifts worked by Plaintiffs during their employment periods, Plaintiffs recognized the difficulties faced in continued litigation in light of the record production.

As such, although Plaintiffs were confident that they could succeed on all of their claims, Plaintiffs recognized the risks of not settling and the possibility of not recovering anything should this matter have proceeded to trial. There appeared to be factual disputes that would not be otherwise resolved in discovery. As both Plaintiffs were only employed for short periods of time, they preferred a modest guaranteed payment prior to engaging in formal discovery rather than the possibility of protracted litigation and a trial, only to potentially recover slightly greater sums of money even if they were fully successful at the time of trial.

### c.  Defendants' Position

Defendants contend that Plaintiffs' claims for violations of the FLSA and NYLL allegedly arising from a failure to pay overtime wages are without merit and contradicted by Defendants' documentary evidence.  In that regard, at all times relevant to Plaintiffs' Collective Action Complaint [Docket No. 1], Defendant Glenco used ExakTime, a time tracking system in which employees individually clock in and out at project sites using their own unique pins and a front-facing camera snaps a real time picture of the employee using the time tracking system.  Indeed, Plaintiff Guzman used the ExakTime system for all but 10 days of his 48 days of employment with Defendant Glenco and Plaintiff Jimenez used the ExakTime system for all but 3 days of his 11 days of employment with Defendant Glenco.  In addition, Defendants contend that they have no liability under NYLL §195 because Plaintiffs received wage statements and wage notices from Defendant Glenco.

Notwithstanding the strength of Defendants' documentary proof, Defendants are cognizant that Plaintiffs raised factual issues as to whether Defendant Glenco's time records are accurate and captured all of the hours worked by Plaintiffs and that the resolution of such factual disputes may require a trier of fact to make credibility determinations at a trial. Defendants are also cognizant that Plaintiffs raised issues as to alleged technical violations contained within the wage notices that, if decided by the Court, would constitute issues of first impression under New York law. In addition, Defendants realized that the attorneys' fees and costs that may result from engaging in formal discovery, motion practice and a trial would ultimately exceed the proposed settlement amount. As such, although Defendants were confident that they could succeed in the prosecution of their defenses, Defendants recognized that the costs of not settling would far exceed the costs of settling.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.,* 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $8,500.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and documents maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved following the assistance of an experienced wage-and-hour neutral appointed by the Court. Moreover, the settlement amount falls squarely within the possible range of recovery by Plaintiffs. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiffs, the dates of Plaintiffs' employment and whether proper wage notices and wage statements were received by Defendants, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

## II.  The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC,* 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement ("Release") is narrowly-tailored to claims under the FLSA and NYLL and other wage-related claims. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.  Requested Attorneys' Fees and Expenses and Distribution to Plaintiffs

### a.  Distribution to the Plaintiffs

The parties agreed to a global settlement of $8,500.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $5,188.00, after requested attorneys' fees and expenses. Each Plaintiff will receive an amount proportional to his calculation of damages, which accounts for the alleged dates of his employment, the alleged hours that he worked, the alleged pay that he received and Plaintiffs' counsel's analysis of Defendants' records. The settlement allocations are included in Paragraph 1(a) of the Settlement Agreement.

### b.  Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $718.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $316.00

Plaintiffs' counsel respectfully requests one-third of the settlement less their identifiable expenses ($7,782.00), or $2,594.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $3,312.00.

**Settlement Amount:** $8,500.00
**Attorneys' Expenses:** $718.00
**Settlement less Expenses:** $7,782.00 ($8,500.00 - $718.00)
**Requested Attorneys' Fees:** $2,594.00 ($7,782.00 / 3)
**Total payable to Attorneys:** $3,312.00 ($2,594.00 + $718.00)
**Total payable to Plaintiffs:** $5,188.00 ($8,500.00 - $3,312.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely

approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.,* 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

Here, Plaintiffs' counsel was able to procure a settlement early in the litigation process, avoiding costly attorneys' fees. The parties had yet to engage in formal paper discovery, which would have required hours of preparing interrogatory and document demand responses as well as reviewing hundreds of pages of records produced in response to Defendants' anticipated discovery demands.

As such, this request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

## IV.    Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of careful negotiation between experienced counsel with the assistance of an experienced and qualified neutral appointed by the Court and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.