UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SANTOS G. GUZMAN and CHRISTIAN D. :
GUZMAN, :
                         Plaintiffs, :  **ORDER**
:
v. : 21 CV 5100 (VB)
:
GLENCO CONTRACTING GROUP INC. and :
DAVID MCGRATH, :
                        Defendants. :
--------------------------------------------------------------x

       On October 14, 2021, the parties in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case filed a settlement agreement (Doc. #19-1) and motion for settlement approval (Doc. #19), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       In reviewing the proposed settlement agreement, the Court has considered the following factors:

       (i)     the parties' position as to the proper valuation of plaintiffs' claims;

       (ii)    the risks and costs of continuing to litigate;

       (iii)   plaintiffs are represented by counsel;

       (iv)   plaintiffs no longer work for defendants;

       (v)    the settlement agreement was arrived at with the assistance of an experienced and qualified Court-appointed neutral;

       (vi)   the settlement agreement does not contain a confidentiality clause;

       (vii)  the non-disparagement clause is mutual;

       (viii) there is a bona fide dispute regarding (a) the number of hours plaintiffs worked; (b) the wages paid to plaintiffs; (c) the dates of plaintiffs' employment; and (d) whether proper wage notices and wage statements were received by plaintiffs[1];

---

[1]     Paragraph I.d of the motion for settlement approval notes there is a bona fide dispute as to "whether proper wage notices and wage statements were received by Defendants." (Doc. #19 at 3) (emphasis added). The Court presumes this is a typographical error, and the parties meant to state there is a bona fide dispute as to "whether proper wage notices and wage statements were received by Plaintiffs."

1

(ix)     the parties' desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation; and

(x)     the release set forth in paragraph 6 of the settlement agreement is limited to past or present wage and hour claims.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one third of the total recovery (after costs), to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. 19-1) is APPROVED, and the case is dismissed.

The Clerk is instructed to close this case.

Dated: October 22, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2